# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NYSIAAVIS M. CHERRY,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-18-0225-X-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: August 22, 2022 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Conor Ahern, Esquire, Matthew D. Estes, Esquire, P. Sean Murphy, Esquire and Angel Juan Valencia, Esquire, Washington, D.C., for the appellant.

James R. Herald, Esquire, Fort Meade, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### ORDER TO SHOW CAUSE

¶1      In a December 9, 2019 compliance initial decision, the administrative judge found the agency in noncompliance with the Board's December 3, 2018 decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissing the appellant's appeal based on a settlement agreement entered into the record for purposes of enforcement by the Board. *Cherry v. Department of the Army*, PH-0752-18-0225-C-1, Compliance File, Tab 4, Compliance Initial Decision (CID); *Cherry v. Department of the Army*, PH-0752-18-0225-I-1, Initial Appeal File, Tab 19, Initial Decision. In relevant part, the administrative judge found that the agency had failed to credit the appellant with 84 hours of annual leave and 56 hours of sick leave pursuant to the settlement agreement. CID at 2, 4. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to comply with its obligation under the terms of the settlement agreement. CID at 4.

¶2　　In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the ordered actions, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance. CID at 5. The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 5-6. Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on the issues of compliance. *Cherry v. Department of the Army*, PH-0752-18-0225-X-1, Compliance Referral File (CRF), Tab 1.

¶3　　On January 16, 2020, the Board issued an acknowledgment order directing the agency to submit evidence, within 15 days, showing that it had complied with all actions identified in the compliance initial decision. CRF, Tab 1 at 3. The agency filed its Interim Response to Acknowledgment Order on March 2, 2020. CRF, Tab 3. In relevant part, the agency indicated that it was still in noncompliance because the Defense Finance and Accounting Service needed to "[make] the changes required to carry out the settlement." *Id.* at 4.

¶4        On August 25, 2020, the Board issued a second order, again directing the agency to file evidence of compliance, within 30 days.  CRF, Tab 4 at 2.  We also instructed the agency to submit (or resubmit), within 30 days, the name of the agency official responsible for compliance under 5 U.S.C. § 1204(e)(2)(A).  *Id.* The agency failed to respond, although the appellant filed a response on November 23, 2020, asserting that the agency still had not credited her annual and sick leave balances as instructed.  CRF, Tab 5 at 3.

¶5        On May 31, 2022, the Board issued a third order, again directing the agency to file evidence of compliance, within 21 days.  CRF, Tab 9 at 2-3.  The order noted that this evidence of compliance must specifically address, via affidavit and documentary evidence, whether the agency had credited the appellant with her entitled leave pursuant to the parties' settlement agreement, or had provided the appellant with some other mutually agreed upon alternative relief.  *Id.*  The order warned the agency that if it failed to file a timely and substantive response, the Board would issue an order to show cause why the agency should not be sanctioned for its failures to respond in this matter.  The order also instructed for the agency to file, within 21 days, the name, title, grade, and address of the agency official responsible for compliance under 5 U.S.C. § 1204(e)(2)(A), and to inform such official in writing of the potential sanction for noncompliance as set forth in 5 U.S.C. § 1204(a)(2) and section (e)(2)(A), even if the agency asserts it has fully complied.  *Id.*  To date, the agency has failed to file a response.

¶6        Pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c), the Board has the authority to impose sanctions against the agency official responsible for noncompliance with a Board order.  Such sanctions may include a ruling adverse to the agency and certification to the Comptroller General of the United States that no payment is to be made to certain agency employees found to be in noncompliance with the Board's order.  5 C.F.R. § 1201.183(e).  Under 5 C.F.R. § 1201.183(a)(2), if the agency fails to submit the name, title, grade, and address of the agency official charged with complying with the Board's order, the Board

will presume that the highest-ranking appropriate agency official who is not appointed by the President by and with the consent of the Senate is charged with compliance.

¶7        As the agency has repeatedly failed to provide us with the required information, we must presume that Mr. William J.  Koon,[2] the highest highest-ranking appropriate agency official who is not appointed by the President by and with the consent of the Senate, is the agency official charged with complying with the Board's order(s) and that he is responsible for the agency's continued noncompliance with these orders. *Id.*

¶8        Accordingly, pursuant to 5 U.S.C. § 1204(e)(2)(A) and 5 C.F.R. § 1201.183(c), the agency and Mr. Koon are hereby **DIRECTED TO SHOW CAUSE** why sanctions should not be imposed for the agency's failure to comply with the Board's August 25, 2020 and May 31, 2022 orders.[3]  The agency and Mr. Koon shall submit their written responses within 14 days of the date of this Order.  **If the agency or Mr. Koon fail to respond within this timeframe, the Board will issue an order requiring them to appear in person before the Board at MSPB Headquarters, Washington, D.C, for a show cause hearing.** *See* 5 C.F.R. § 1201.183(c)(1).

¶9        The appellant shall file any response to the agency's and Mr. Koon's submissions within 14 days of the date of the submissions.  If the appellant fails

---

[2] According to the United States Army Judge Advocate General's Corps websites, Mr. Koon is the Director, Civilian Personnel, Labor and Employment Law for the Office of The Judge Advocate General. *See* https://www.jagcnet.army.mil/Sites/JAGC.nsf/homeContent.xsp?open&documentId=491917DFD8A389CC852586150053871D (last visited Aug. 22, 2022), *and* https://www.jagcnet.army.mil/Sites/jagc.nsf/0/528CEE10D3E3CA20852584A9006E57DF/$File/Koon%20-%20Bio%20-%20SES%20-%2020191101.pdf (last visited Aug. 22, 2022).

[3] A copy of this order will be served to Mr. Koon via email, and to the Initial Contact for Fort Meade electronically via e-Appeal.  The Initial Contact for Fort Meade will also be sent a courtesy copy of this order via U.S. Mail.

to respond to these submissions, the Board may assume she is satisfied and dismiss the petition for enforcement.


FOR THE BOARD:

<u>         /s/ for                </u>
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.